Roger ALEXANDER, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13-72933

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted November 15,
2016 San Francisco, California

Filed December 12, 2016

Monika Sud-Devaraj, Attorney, Law Offices of Monika Sud Devaraj and Marshall Whitehead, PLLC, Phoenix, AZ, for Petitioner

OIL, Anh-Thu Mai-Windle, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: MELLOY,* CLIFTON, and WATFORD, Circuit Judges.

MEMORANDUM **

Petitioner Roger Alexander appeals from the final order of removal issued by the Board of Immigration Appeals. We conclude there are genuine issues of material fact regarding the petitioner's nationality requiring transfer of the matter to the district court under 8 U.S.C.

§ 1252(b)(5)(B). To establish the petitioner's alienage, the government relied solely upon the agents' testimony that the petitioner purportedly admitted that he was born in Mexico during two separate interviews with the agents. However, the petitioner denied that he admitted that he was born in Mexico, adding that he did not know where he was born. This conflicting testimony creates a genuine issue of material fact about petitioner's nationality that requires transfer of the proceeding to the district court. 8 U.S.C. § 1252(b)(5)(B); *see Mondaca–Vega v. Lynch*, 808 F.3d 413, 418 (9th Cir. 2015). Following transfer, the district court may consider additional evidence and argument that bears on the issue of the petitioner's nationality.

MATTER TRANSFERRED TO THE DISTRICT COURT FOR THE DISTRICT OF ARIZONA; PETITION FOR REVIEW HELD IN ABEYANCE.

---

* The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.